JOHN H. C. GETTY ET AL., ADMINISTRATORS OF DAVID
KOONTZ *vs.* GEORGE T. LONG.

Appeal from a judgment of the Circuit Court for Allegany
County.  *Affirmed.*

The former appeal is reported in *Koontz* v. *Koontz*, 79 Md.
357.   The question was whether certain money deposited in

a bank in the name of a decedent by his administrator was an unadministered asset of the decedent's estate or not. The following prayers offered by the defendant were properly granted: 1st. If the jury find from the evidence that about the 1st day of September, 1886, Salem Koontz died intestate, and that at the time of his death he was keeping a bank account in his name in the Second National Bank of Cumberland, and that David Koontz became his administrator, and as such took possession of his personal estate and money, and from time to time made deposits of moneys derived from Salem's estate in the account of said Salem in said bank, and that after settling these accounts as such administrator in the Orphans' Court for Allegany County, but no final account, he died on or about the tenth day of February, 1892, and that at the time of his death he left standing to the credit of said account of said Salem in said bank a balance of $2,782.98, which is the money sued for in this case; and shall further find that said balance was the moneys of said Salem, and a part of the assets of the estate of said Salem and not the moneys of said David, and that the said David, as such administrator, did not make and has not made distribution of the same to the creditors and distributees of Salem Koontz, and made no final settlement of said estate, but died leaving said sum of money in the hands of said bank, then said credit balance in said bank was an unadministered asset of said estate of Salem; and if the jury further find that upon the death of David the defendant was appointed administrator *d. b. n.* of Salem's estate, and bonded and qualified as such, and that said bank paid over said credit balance to the defendant as such administrator *d. b. n.*, who still has the same, then the plaintiffs cannot recover in this action. 2nd. If the jury find that upon the death of David Koontz he left the sum of $2,782.98 in the hands of the Second National Bank of Cumberland standing on the books of said bank in the name of and to the credit of Salem Koontz, such entry is *prima facie* evidence that said moneys were moneys belonging to the estate of Salem Koontz, and that if said entry or account is incor-

rect and was so allowed to remain by David at the time of his death, through his error or mistake, the burden of showing such mistake to the satisfaction of the jury is upon the plaintiffs in this case.

*J. W. S. Cochrane* and *W. C. Devecmon*, for the appellants. *Benjamin A. Richmond*, for the appellees.

No. 58, October term, 1895. Recorded in Liber J. S. F. No. 2, etc., folio 777, of " Opinions Unreported."